KENTUCKY BAR ASSOCIATION,
Complainant,

v.

John R. BROADWAY, Respondent.

No. 99–SC–227–KB.

Supreme Court of Kentucky.

April 22, 1999.

**34**

Jane H. Herrick, Deputy Bar Counsel, Kentucky Bar Association, Frankfort, KY, for complainant.

John R. Broadway, Louisville, KY, for respondent.

## ORDER OF SUSPENSION

Respondent, John R. Broadway, was admitted to the practice of law in this Commonwealth by order entered October, 16, 1992. Respondent was suspended for ninety (90) days pursuant to order of this Court on November 19, 1998. Pursuant to SCR 3.510(2), Respondent was entitled to automatic reinstatement upon the expiration of the ninety-day period and upon filing an Affidavit of Compliance with the Bar Association. Respondent did not file an Affidavit of Compliance, but the Bar Association, in anticipation of such a filing, filed an objection to Respondent's automatic reinstatement pursuant to SCR 3.510(2). As of this date, Respondent has not yet been reinstated to the practice of law in this Commonwealth.

On December 14, 1998, Respondent entered a guilty plea in Jefferson Circuit Court to one count of second-degree forgery (KRS 516.030) and one count of theft by deception over three hundred dollars (KRS 514.040). On February 22, 1999, Respondent pled guilty in Jefferson Circuit Court to two counts of second-degree forgery, fourteen counts of theft by deception over three hundred dollars, and three counts of theft by deception under three hundred dollars (KRS 514.040). All but the last three counts (theft by deception under three hundred dollars) to which Respondent pled guilty are felony offenses.

SCR 3.166 provides that any member of the Kentucky Bar Association who pleads guilty to a felony offense as defined in KRS 500.080 shall be automatically suspended from the practice of law in this Commonwealth beginning on the day following the plea of guilty. Thus, as of December 15, 1998, and notwithstanding his previous ninety (90) day suspension, Respondent was automatically suspended (again) from the practice of law in Kentucky. This suspension shall remain in effect until dissolved or superseded by an order from this Court.

Pursuant to SCR 3.390, Respondent shall, within ten (10) days of entry of this order, notify all his clients in writing of his continued inability to represent them, and shall furnish copies of all such letters to the Director of the Kentucky Bar Association. He shall also provide such notification to all courts in which he has matters pending. He must also make arrangements to return all active files to his clients or new counsel, and to return all unearned attorney fees and client property to his clients.

Disciplinary proceedings against Broadway shall be initiated by the Inquiry Tribunal pursuant to SCR 3.160, unless already begun or unless Broadway resigns under terms of disbarment.

All concur.

ENTERED: April 22, 1999.

/s/ Joseph E. Lambert
Chief Justice